**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**


DARRYL L.WILLIAMS                    :    CIVIL ACTION
                                     :
        vs.                          :    NO. 02-3558
                                     :

A & A FOOD SYSTEMS, INC.
d/b/a PERKINS FAMILY RESTAURANT


**AMENDED  COMPLAINT**


1.  Plaintiff is Darryl L. WIlliams, an African-American male,  residing at 33 W.

Washington Avenue, Washington, NJ 07882.

2.  Defendant is A & A Food Systems, Inc., a corporation believed to be organized

under the laws of the Commonwealth of Pennsylvania, with its principal place of

business at 1158 Marshall's Creek,  Marshall's Creek, PA, doing business as Perkins

Family Restaurant.

3.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and

1343; and  Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e)-16(c).

4.  Plaintiff has exhausted his administrative remedies.  Plaintiff timely filed a

charge with the Equal Employment Opportunity Commission ("EEOC") alleging race

discrimination and retaliation.  On or about March 7, 2002, Plaintiff  received notification

of his right to sue.  The initial Complaint in this matter was filed, *pro se*, on June 3, 2002.

On January 9, 2003, the Honorable Mary A. McLaughlin ordered that the Clerk of the

Court attempt top obtain counsel for Plaintiff and on  April 17, 2003, Judge McLaughlin

appointed the below named counsel to represent Plaintiff.

    5.  Plaintiff was first employed by Defendant on or about July 12, 1999 as a cook at its restaurant in Phillipsburg, NJ.

    6.  On December 21, 1999, Plaintiff was terminated by Defendant.  Plaintiff initiated the process to file  a Charge of Discrimination with the EEOC alleging that his termination was the result of illegal racial discrimination.

    7.  Prior to the time that a formal Charge was filed with the EEOC, on January 28, 2000,  Plaintiff and Defendant entered into a Negotiated Settlement Agreement under which Plaintiff was reinstated as an employee of Defendant and Defendant agreed to pay Plaintiff the sum of approximately $700.00.

    8.  Upon his return to work, on or about February 14, 2000, Plaintiff learned that two employees of Defendant whom he had charged were discriminating against him had either been terminated or transferred by Defendant.

    9.  Plaintiff's new supervisor upon his return to work was Steven DeLong. Approximately one month after resuming his employment, Mr. DeLong began a practice of making racial slurs and racial jokes directed to Plaintiff.  These slurs included use of the term "nigger" when talking to Plaintiff and referring to Plaintiff by comparing him to a negative African/American cartoon character on the television show "South Park."

    10.  Plaintiff complained to Mr. DeLong about the way he was treating him, but Mr. DeLong continued treating Plaintiff in this demeaning way.  Plaintiff then complained to Defendant's general manager, Brian Gannon, about the treatment he was

receiving from Mr. DeLong. Mr. Gannon did nothing to stop Mr. DeLong's conduct and that demeaning conduct continued.

11. On July 12, 2000, Plaintiff had a conversation with Mr. DeLong in which Plaintiff noted that it was his first year anniversary with Defendant, that he had never had a vacation and thought he was entitled to a raise.

12. Beginning with the week following this conversation with Mr. DeLong, Plaintiff's work hours were cut in half and Plaintiff also lost the medical benefits which had previously been part of his compensation from Defendant.

13. Plaintiff continued working these reduced hours. Mr. DeLong continued his racial baiting of Plaintiff and other employees of Defendant, including Mr. Gannon and Mark Davis, a cook with whom Plaintiff worked, also engaged in racially demeaning conduct toward Plaintiff. This conduct included racial jokes and playing music with strong negative references to African Americans.

14. In October, 2000, Plaintiff requested a medical leave of absence for physical and emotional problems he was suffering. Defendant's manager, Kevin Jones, did not respond to this request. Plaintiff believed that he had no alternative but to leave Defendant's employ because of the continued harassing conduct he was experiencing. In fact, Plaintiff's leaving Defendant's employ was a constructive discharge.

15. On or about April 2, 2001, Plaintiff filed a Charge of Discrimination with the EEOC, cross filed with the Pennsylvania Human Relations Commission. It was as a result of this Charge that Plaintiff received the Right to Sue letter on or about March 7,

-3-

2002.

16.   As a consequence of the conduct of Defendant toward him, Plaintiff has suffered from severe humiliation, emotional distress, disillusionment, embarrassment, depression, stress and damage to his reputation.

17.   Defendant knew, or should have known, of the discrimination which was practiced against Plaintiff and having the power and authority to prevent the commission of the wrongs, neglected and willfully refused to act in preventing the wrongs done to Plaintiff.

18.   The acts and omissions of Defendant, through its managers, agents, employees and supervisors, were willful, malicious, outrageous and specifically calculated to harm Plaintiff and to violate his rights.

19.   The conduct of Defendant was done knowingly with the understanding of the precise nature of the unlawful harm that would be suffered by Plaintiff.

20.   By reason of the foregoing, Plaintiff has suffered, and will suffer in the future, irreparable harm.


## COUNT I

## Title VII

21.   Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1 through 20, above, as is set forth herein in full.

22.   The aforementioned acts and omissions of Defendant constitute unlawful

discrimination against Plaintiff on the basis of his race, and as an act of retaliation against him, in violation of Title VII of the Civil Rights Act of 1964, as amended, and were intentional and willful in nature.

WHEREFORE, Plaintiff seeks the following relief:

(a)    A declaration that the conduct of Defendant constitutes the violation of rights guaranteed to Plaintiff;

(b)    An award of lost back pay and all other benefits and increments to which Plaintiff is entitled;

(c)    An award of front pay and all other benefits and increments to which Plaintiff is entitled;

(d)    An award of such other and further relief as this Court deems just, including, but not limited to, compensatory damages, punitive damages, pre-judgment interest and such other reasonable and appropriate relief necessary to correct the illegality and wrongs done to Plaintiff; and

(e)    an award of Plaintiff's costs and reasonable attorneys' fees.

## COUNT II

### Section 1981

23.  Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1 through 22, above, as if set forth herein in full.

24.  Defendant discriminated against Plaintiff on the basis of his race in violation

of 42 U.S.C. § 1983, by failing to protect him from discrimination, harassment and retaliation, all because of his race, thereby violating the equal protection clause of the Fourteenth Amendment to the Constitution.

WHEREFORE, Plaintiff seeks the following relief:

(a)    A declaration that the conduct of Defendant constitutes the violation of rights guaranteed to Plaintiff;

(b)    An award of lost back pay and all other benefits and increments to which Plaintiff is entitled;

(c)    An award of front pay  and all other benefits and increments to which Plaintiff is entitled;

(d)    An award of such other and further relief as this Court deems just, including, but not limited to, compensatory damages, punitive damages, pre-judgment interest and such other reasonable and appropriate relief necessary to correct the illegality and wrongs done to Plaintiff; and

(e)    an award of Plaintiff's costs and reasonable attorneys' fees.


# COUNT III

## Pennsylvania Human Relations Act


25.  Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1 through 24, above, as if set forth in full herein.

26.  Defendant's conduct constitutes a violation of the Pennsylvania Human

Relations Act

WHEREFORE, Plaintiff seeks the following relief:

(a)    A declaration that the conduct of Defendant constitutes the violation

of rights guaranteed to Plaintiff;

(b)    An award of lost back pay and all other benefits and increments to

which Plaintiff is entitled;

(c)    An award of front pay  and all other benefits and increments to

which Plaintiff is entitled;

(d)    An award of such other and further relief as this Court deems just,

including, but not limited to, compensatory damages,  pre-judgment interest and such

other reasonable and appropriate relief necessary to correct the illegality and wrongs done

to Plaintiff; and

(e)    an award of Plaintiff's costs and reasonable attorneys' fees.


_____
Steven T. Stern
Pennsylvania ID No. 04597
1608 Walnut Street, 9th Floor
Philadelphia, PA 19103
(215) 732-4200
Attorney for Plaintiff, Darryl L. Williams

Certificate of Service

I hereby certify that I have caused the foregoing pleading   to be served by United

States first class mail on the below listed opposing counsel.


Scott C. Heckman, Esquire
Sean M. Hart, Esquire
The Capri Building
535 Hamilton Street, Suite 200
Allentown, PA 18101-1512




Date: May 27, 2003                                                  _____/s/_____
                                                                                  Steven T. Stern